# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### Amarillo Division

UNITED STATES OF AMERICA

v.                                              Case Number: 2:23-CR-074-Z-BR-(1)

JAMES DUNCAN                                    U.S. Marshal's No.: 77970-510

## JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

The defendant, JAMES DUNCAN, was represented by Eric Scott Coats.

**THE DEFENDANT:**

Pled true to violating Paragraphs I and II of the Motion to Revoke, filed on September 26, 2025.

**See Petitions for Offender Under Supervision.**

Certified copy of the Judgment imposed on January 14, 2025, in the U.S. District Court for the Northern District of Texas, Amarillo Division, is attached.

As pronounced on October 30, 2025, the defendant is sentenced as provided on pages 2-5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed: October 31, 2025.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

Judgment in a Criminal Case
Defendant: JAMES DUNCAN
Case Number: 2:23-CR-074-Z-BR-(1)

Page **2** of **5**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Eleven (11) months**.

The Court makes the following recommendations to the Bureau of Prisons:

1. that the Defendant be allowed to participate in any and all substance abuse treatment available, if possible, if eligible, if consistent with security classification;

2. that the Defendant be assigned to a BOP facility nearest Seattle, if possible, FCI Sheridan, if eligible, if consistent with, if consistent with security classification.

Defendant is remanded to the custody of the US Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Three (3) years minus current revocation sentence**.

While on supervised release, in compliance with the Standard Conditions of supervision adopted by the United States Sentencing Commission at Section 5D1.3(c), the defendant shall:

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (<u>i.e.</u>, anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

   Also, as set forth in the Notice of Intent to Impose Conditions of Supervised Release signed and dated October 30, 2025, the Defendant shall comply with the below-listed other conditions of supervised release, which are derived from Sections 5D1.3(a), (b), (d), and (e), in relevant part:

1. The defendant shall not commit another federal, state or local offense (*see* 18 U.S.C. § 3583(d)).

2. The defendant shall not unlawfully possess a controlled substance (*see* 18 U.S.C. § 3583(d)).

3. The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. § 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant (*see* 18 U.S.C. § 3583(d)).

4. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (*see* 18 U.S.C. § 3583(d)).

5. If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine (*see* 18 U.S.C. § 3624(e)).

6. The defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (*see* 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

7. If the defendant is required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the requirements of that Act (*see* 18 U.S.C. § 3583(d)).

8. The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

9. The defendant is required to register under the Sex Offender Registration and Notification Act; the defendant shall comply with the requirements of that Act (*see* 18 U.S.C. § 3583(d)).

10. The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20 per month.

11. The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $20 per month.

12. Pursuant to the Sex Offender Registration and Notification Act (SORNA) (42 U.S.C. § 16901, et seq.), the defendant must register, and keep the registration current, with state and local law enforcement, as directed by the probation officer, in each jurisdiction where he resides, is employed, or is a student. The defendant must, no later than three business days after each change of name, residence, employment, or student status, appear in person in at least one of the jurisdictions and inform that jurisdiction of all changes in the information required in the

sex offender registry. The defendant must also initially register in the jurisdiction in which he was convicted if such jurisdiction is different from the jurisdiction of residence. Initial registration shall occur before completion of the sentence of imprisonment with respect to the offense giving rise to the registration requirement. The defendant must provide to the appropriate official all information required in accordance with SORNA guidelines and additional state-specific regulations for inclusion in the sex offender registry. The defendant must provide written verification of registration to the probation officer within three business days following registration—If required by the relevant state law and officials. This registration shall be renewed as required by the assigned tier.

## RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

                          United States Marshal

            By

                          Deputy Marshal

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
Amarillo Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 2:23-CR-074-Z-BR-(1) |
| | U.S. Marshal's No.: 77970-510 |
| JAMES DUNCAN | Anna Marie Bell, Assistant U.S. Attorney |
| | Felipe Zavala, Attorney for the Defendant |

On November 22, 2024, the defendant, JAMES DUNCAN, entered a plea of guilty as to Count One of the Indictment filed on September 28, 2023. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2250(a) | FAILURE TO REGISTER AS A SEX OFFENDER | 07/14/2023 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Indictment filed on September 28, 2023.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed January 14, 2025.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

Signed January 15, 2025.

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK

By s/ *VICTORIA SHREWSBURY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS

October 31, 2025

Judgment in a Criminal Case — Page **2** of **5**
Defendant: JAMES DUNCAN
Case Number: 2:23-CR-074-Z-BR-(1)

## IMPRISONMENT

The defendant, JAMES DUNCAN, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Fifteen (15) months as to Count One** of the Indictment filed on September 28, 2023. This sentence shall *run concurrently* to any future sentence which may be imposed in Case No. 084364-E-CR in 108th Judicial District Court, Potter County, Texas, as well as Case No. CR-2022-00369 in Carter County District County, Carter County, Oklahoma which is a pending probation revocation.

The Court makes the following recommendations to the Bureau of Prisons:

1. that the Defendant be allowed to participate in mental health counseling and be allowed to participate in any and all substance abuse treatment and rehabilitation programs available, if eligible, if consistent with security classification;

2. that the Defendant be allowed to participate in any and all educational and vocational training, if possible, welding courses, if eligible, if consistent with security classification; and

3. that the Defendant be assigned to FCI – Seagoville, if possible, if eligible, if consistent with security classification.

The Defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Five (5) years** as to Count One of the Indictment filed on September 28, 2023.

While on supervised release, in compliance with the Standard Conditions of supervision adopted by the United States Sentencing Commission at Section 5D1.3(c), the defendant shall:

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

Judgment in a Criminal Case  Page **3** of **5**
Defendant:  JAMES DUNCAN
Case Number:  2:23-CR-074-Z-BR-(1)

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

    Also, as set forth in the Notice of Intent to Impose Conditions of Supervised Release signed and dated January 14, 2025, the Defendant shall comply with the below-listed other conditions of supervised release, which are derived from Sections 5D1.3(a), (b), (d), and (e), in relevant part:

1. The defendant shall not commit another federal, state or local offense (see 18 U.S.C. § 3583(d)).

2. The defendant shall not unlawfully possess a controlled substance (see 18 U.S.C. § 3583(d)).

Judgment in a Criminal Case  Page **4** of **5**
Defendant: JAMES DUNCAN
Case Number: 2:23-CR-074-Z-BR-(1)

3. The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. § 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant (*see* 18 U.S.C. § 3583(d)).

4. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (*see* 18 U.S.C. § 3583(d)).

5. If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine (*see* 18 U.S.C. § 3624(e)).

6. The defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (*see* 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

7. If the defendant is required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the requirements of that Act (*see* 18 U.S.C. § 3583(d)).

8. The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

9. The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20 per month.

10. The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $20 per month.

**FINE/RESTITUTION**

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because it is not applicable in this case.

Judgment in a Criminal Case  Page **5** of **5**
Defendant:  JAMES DUNCAN
Case Number:  2:23-CR-074-Z-BR-(1)

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal